IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLIP BROWER,<br><br>    *Plaintiff,*<br><br>  v.<br><br>CORIZON HEALTH SERVICES, INC., *et al.*,<br><br>    *Defendants.* | CIVIL ACTION<br>NO. 15-5039 |

**PAPPERT, J.**                                                                                                  May 4, 2016
<u>MEMORANDUM</u>

Plaintiff Phillip Brower ("Brower"), a *pro se* inmate, sued Corizon Health Services, Inc. ("Corizon"), the City of Philadelphia ("the City"), former Prison Commissioner Louis Giorla ("Giorla") and Nurse Practitioner Jean Pantal ("Pantal") (collectively "Defendants").[1]  Brower asserts claims under 42 U.S.C. Section 1983 for purported violations of his Eighth Amendment rights, more specifically Defendants' alleged neglect and provision of inadequate medical care. Defendants filed motions to dismiss which are granted as explained below.

I.

Brower, a paraplegic, contends that he was denied adequate medical supplies over the course of five-and-a-half months while incarcerated at the Curran-Fromhold Correctional Facility in Philadelphia. (Compl., ECF No. 5 at *9.)  He first filed a grievance on February 22, 2015 stating that he was denied the supplies he needed to have a proper bowel movement. (Pl.'s Feb. Grievance, ECF No. 5 at *12.)  Brower stated that he was supposed to receive gloves that he

---

[1] Brower also named as defendants the Philadelphia Prison System and Healthcare Administrator "Ms. Amina." (Compl., ECF No. 5 at *9.)  The Court dismissed the claims against the Prison System as legally frivolous pursuant to 28 U.S.C. Section 1915(e)(2)(B)(i) because it is not a legal entity subject to suit separate from the City of Philadelphia. (ECF No. 4.)  "Ms. Amina" has not been served.  The Court's opinion addresses Brower's claims against Corizon, the City, Giorla and Pantal.

1

could "use[] to disimpact or stimulate [his] rectum to have a bowel movement." (*Id*.) Brower's grievance alleged that he "for whatever reason . . . [was] no longer receiving" the gloves. (*Id*.)

Brower's states that he told "Nurse Petway" ("Petway") "and Sean the supplies nurse" about how he was neglected for over five months. (Compl., ECF No. 5 at *9.) Sean told Brower that "the Healthcare Administrator Ms. Amina did not approve [Brower's] medical supplies" and that he should file a grievance. (*Id*.) Brower filed a second grievance on April 17, 2015. (Pl.'s April Grievance, ECF No. 5 at *11.) Brower stated that he had the same urinary extension tubing for four-and-one-half months. (*Id*.) Because of his condition, Brower needed his tubing changed regularly to prevent kidney or bladder infections. (*Id*.) Brower alleged that he contracted urinary tract infections as a result of using the same tubing for several months. (*Id*.) He asked Petway for supplies every month but never received them. (*Id*.) Brower contends that he never received any responses to his grievances. (Compl., ECF No. 5 at *9.)

As a result of the Defendants' failure to provide adequate supplies, Brower developed an infection which caused a fever and swelling of his testicles. (*Id*.) On May 24, 2015, "Nurse Meggettigan said [Brower] had a temperature [of] 102.3." (*Id*.) Meggettigan told Pantal about Brower's swelling and temperature and Pantal instructed Meggettigan to give Brower Tylenol and send him back to his cell. (*Id*.) Rather than send him back to his cell, Meggettigan kept Brower "at medical . . . until [Dr.] Clemons showed up." (*Id*.) After examining Brower, Dr. Clemons called an ambulance to take him to the hospital. (*Id*.) Brower alleges that he received blood tests and ultrasounds, and met with an "infectious disease specialist and surgeons." (*Id*.) The surgeons allegedly discussed with Brower the possibility that they would have to remove his testicles should the antibiotics fail to reduce the swelling. (*Id*.)

2

Brower filed his complaint on October 15, 2015.[2] (ECF No. 5 at *9.) Corizon filed its motion to dismiss on February 16, 2016. (ECF No. 14.) The City and Giorla filed their motion to dismiss on February 24, 2016. (ECF No. 15.) That same day, Brower filed a letter with the Court addressing some of the arguments made in Corizon's motion. (ECF No. 16.) Pantal filed his motion to dismiss on March 29, 2016. (ECF No. 20.) Aside from the February 24, 2016 letter, Brower did not respond to any of the motions.[3]

## II.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Brower filed his complaint *pro se* so the Court "must liberally construe his pleadings." *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d. Cir. 2003) (citation omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers"). "'Liberal construction' of *pro se* pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring). "Courts are to construe complaints so 'as to do substantial justice,' keeping in mind that *pro se* complaints in particular should be construed liberally." *Bush v. City of Phila.*, 367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) (citing *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted)).

---

[2] The Court granted Brower's request for appointment of counsel (ECF No. 8) and referred his case to the Court's prisoner civil rights panel. (ECF No. 9.) Brower has yet to be appointed counsel.

[3] Local Rule of Civil Procedure 7.1(c) states that a party shall file an opposition to a motion within fourteen days after service of the motion and supporting brief. "In the absence of timely response, the motion may be granted as uncontested except as provided under FED. R. CIV. P. 56." *Id*. The Court may accordingly grant Defendants' motions as unopposed. Considering the motions on their merits, however, confirms that Brower's complaint fails to state a claim.

A court should "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004). Whether a complaint states a plausible claim for relief is a context-specific task that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).

**III.**

Brower asserts Section 1983 claims against the Defendants for inadequate medical treatment under the Eighth Amendment. Section 1983 provides, in part:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of a State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To establish a Section 1983 claim, Brower must show that a person acting under color of state law caused the deprivation of a right secured by the Constitution or the laws of the United States. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995) (citation omitted).

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners against the 'unnecessary and wanton infliction of pain.'"[4] *Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Accordingly, "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). The prohibition against cruel and unusual punishment "requires prison officials to provide basic medical treatment to those whom

---

[4] The protections afforded by the Eighth Amendment are applicable to the States via the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101–02 (1976) (citing *Robinson v. California*, 370 U.S. 660 (1962)).

4

it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). To establish an inadequate medical treatment claim under the Eighth Amendment, Brower must show: (1) that the Defendants were deliberately indifferent to his medical needs; and (2) that those needs were serious. *See id.* (citing *Estelle*, 429 U.S. at 106).

## A.

The Court analyzes Brower's claims against the City under the standard for municipal liability set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Brower's claims against Corizon are analyzed under the same framework. *See Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (analyzing a Section 1983 claim against a private corporation providing medical care in prisons under *Monell*).

Generally, a municipality will not be held liable under the doctrine of *respondeat superior* for the misconduct of its employees. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, a municipality can only be liable under Section 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. 658).

In *Andrews*, the Third Circuit Court of Appeals distinguished between policies and customs:

> Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law.

*Andrews*, 895 F.2d at 1480 (citations omitted). "In either instance, a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation

of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990) (citing *Andrews*, 895 F.2d at 1480).

Brower has failed to allege the existence of any policy or custom which caused his injury. While his complaint alleges that both Corizon and the City failed to give him adequate medical care, nowhere does he allege that such failure resulted from the implementation of a policy or custom. Brower additionally fails to allege who the policymaker is for both Corizon and the City. In the absence of allegations supporting the existence of a policy or custom and identifying a policymaker, Brower's claims against Corizon and the City fail. *See, e.g.*, *Hope v. Fair Acres Geriatric Ctr.*, No. 15-06749, 2016 WL 1223063, at *6 (E.D. Pa. Mar. 29, 2016) (dismissing *Monell* claim where plaintiff failed to identify a policymaker); *Buoniconti v. City of Philadelphia*, No. 15-3787, 2015 WL 8007438, at *16 (E.D. Pa. Dec. 7, 2015) (dismissing *Monell* claim where plaintiff failed to identify a policy or custom).

**B.**

To establish a claim for inadequate medical treatment against Pantal, Brower must show: (1) that Pantal was deliberately indifferent to his medical needs; and (2) that those needs were serious. *Rouse*, 182 F.3d at 197 (citing *Estelle*, 429 U.S. at 106). Pantal does not dispute that Brower's medical needs were serious. (*See generally* Pantal Mot. to Dismiss, ECF No. 20.) The only issue, therefore, is whether Pantal was "deliberately indifferent" to those needs.

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Rouse*, 182 F.3d at 197. "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle*, 429 U.S. at 105–06. Accordingly, deliberate indifference "requires

obduracy and wantonness . . . which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse*, 182 F.3d at 197 (citations and formatting omitted). Additionally, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Ascenzi v. Diaz*, 247 F. App'x 390, 391 (3d Cir. 2007) (quoting *United States ex rel. Walker v. Fayette County*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). The Third Circuit has "found 'deliberate indifference' in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197 (citations omitted).

Brower fails to establish that Pantal acted with deliberate indifference to his medical needs. To the extent Brower seeks to establish that Pantal is responsible for the five-and-one-half months of alleged neglect, he fails to allege that Pantal knew of, or was in any way involved with Brower's prior grievances. To the extent Brower takes issue with Pantal's conduct on May 24, 2015, Brower fails to establish anything more than a "dispute . . . over the adequacy of the treatment." *Ascenzi*, 247 F. App'x at 391 (quoting *United States ex rel. Walker*, 599 F.2d at 575 n.2). Brower only alleges that Pantal told Meggettigan to give Brower Tylenol and send him back to his cell. These allegations do not demonstrate "recklessness or . . . [a] conscious disregard of a serious risk." *Rouse*, 182 F.3d at 197 (citation omitted).

## C.

Brower's complaint also names Giorla as a Defendant. Brower fails, however, to allege any facts establishing Giorla's involvement in the alleged neglect. Absent any allegations

implicating Giorla's involvement, Brower cannot establish that Giorla was deliberately indifferent to his medical needs.

### D.

A *pro se* prisoner alleging claims under Section 1983 must generally be granted leave to amend absent evidence that amendment would be futile or inequitable. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Given the absence of such evidence at this juncture, Brower is granted leave to amend his complaint. An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.