## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA



PHILLIP BROWER                                           :

     VS.                                                 :

CITY OF PHILADELPHIA,                                    :

CORIZON HEALTH SERVICES,                                 :          CIVIL ACTION

JEAN PANTAL, ELMEADA FRIAS,                              :          NO. 15-5039

BRUCE BLATT, DEANNA PETWAY,                              :

SEAN DECKER, DR. DAMONE B. JONES SR.,                    :

DOROTHY JOHNSON SPEIGHT,                                 :

HELEN FITZPATRICK, CHAD LASSITER,                        :

MARCIA MAKADON, NINO TINARI.                             :

### AMENDED MOTION PURSUANT TO

### CIVIL RIGHTS ACT. 42 U.S.C. 1983

### AND RULE 15 OF THE FEDERAL RULES

### OF CIVIL PROCEDURE

#### I.     JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of State Law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(30.
2. The United States District Court for the Eastern District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, Phillip Brower, is and was at all times mentioned herein a prisoner of the State of Pennsylvania, is in the custody the Philadelphia Prison System. He is currently confined in the Curran Fromhold Correctional Facility in Philadelphia Pa. 19136.

## III. DEFENDANTS

4. Defendant, Corizon Health Service are responsible for providing adequate medical service for the prisoners confined within the Philadelphia Prison System, including but not limited to Curran Fromhold Correctional Facility.

5. Defendant, Elmeada Frias, is the healthcare administrator responsible for providing health care to prisoners inside Curran Fromhold Correctional Facility.

6. Defendant, Jean Pantal, is a physician assistant responsible for providing adequate medical service to prisoners inside Curran Fromhold Correctional Facility.

7. Defendant, Deanna Petway, is a registered nurse responsible for dispensing adequate medical services to prisoners inside Curran Fromhold Correctional Facility.

8. Defendant, Sean Decker, is a medical supply pharmacist responsible for dispensing medical supplies to prisoners inside Curran Fromhold Correctional Facility.

9. Defendant, City of Philadelphia, is the entity governed by the Constitution that is responsible for maintaining and protecting it's citizens under the color of laws and statutes.

10. Defendants board of trustees: Rev. Dr. Damone B. Jones Sr., Dorothy Johnson Speight, Helen Fitzpatrick, Chad Lassiter, Marcia Makadon, Nino Tinari, are legally responsible for the over all policy and customs of the Philadelphia Prison System, and each institution under its' jurisdiction, including but not limited to Curran Fromhold Correctional Facility.

## IV. FACTS

11. Upon entering Curran Fromhold Correction Facility **(C.F.C.F.)** ON December 6, 2014, I was evaluated by an unknown medical staff (Jane Doe) who asked me my medical status, and what medications were prescribed to me before my incarceration. I informed her (Doe) that I am a paraplegic with high blood pressure, and I was previously prescribed Cardizem CI 240 milligrams, as well as Percocet 5 milligrams, but I will also need catheter supplies (catheter, extension tubing, and leg bag). She (Doe) stated "supplies are dispensed from medical triage or delivered by your unit nurse." At this point no one informed me that my necessary catheter supplies would need to be ordered by Sean Decker.

12. While I was held on the quarantine unit (December 9, 2014) I informed the nurse servicing B1 unit management that I needed catheter supplies because it was time to change my catheter, urinary extension tube, and leg bag. I returned to B1 P4 unit (where I brower was being housed on) and informed correction officer that I needed to go to the medical triage, he then wrote me a hall pass to proceed to medical triage. After arriving at the medical triage I was directed to R.N. Deanna Petway, who informed me that she was unfamiliar with

my catheter extension tubing, but she would have Sean Decker order it. I never received necessary supplies.

13. I was moved to general population on C1 P1 on December 15, 2015. On December 16, 2015 I was given a pass to proceed to the medical triage, and again I spoke with Petway, I requested my necessary catheter supplies. She then informed me that no supplies were delivered. I then informed Petway that if I did not receive the necessary supplies, that I would contract a serious infection, and Petway stated that I should continue checking to see if the supplies were delivered. (Petway never called or spoke with any one to verify a delivery of my necessary supplies).

14. Several weeks later on or about December 29, 2015 I was summoned to the medical triage for chronic care, and I had a conference with lead doctor Bruce Blatt who inquired about my high blood pressure medication, and about my paraplegic history. I informed Blatt that I am a shooting victim and that I am paralyzed from the waist down. I then brought to Blatts attention that I have had the same catheter extension tubing going on two (2) months now, and I believe I have contracted a urinary tract infection (U.T.I.). Blatt informed me that I was not there for supplies, Blatt then informed me (Brower) that I was done, and ordered me to leave.

15. I checked back periodically, returning to the medical triage every month for five and a half months.

16. I (Brower) filed my first grievance on or about January 27, 2015 requesting that I receive the necessary supplies (urinary extension tubing) to combat the already contracted U.T.I., this grievance went unanswered.

17. On Febuary 22, 2015 I (Brower) submitted another grievance requesting supplies necessary to self induce necessary bowel movement, this grievance went unanswered.

18. On or about March 17, 2015 I (Brower) submitted another grievance explaining how none of my submitted grievances have been answered, and how I am being denied my necessary catheter supplies.

19. On or about April 29, 2015 on one of my periodic visits to the medical triage, I spoke with R.N. Petway who then informed me that Sean Decker is the actual supply nurse who is responsible for "ordering" medical supplies.

20. A week later I requested a pass to the medical triage, due to me (Brower) experiencing excruciating pain internally. Upon arriving to the medical triage I was directed to Sean Decker who in informed that I am experiencing excruciating pain, and I am positive I have a urinary tract infection. I informed Decker that it has been several months since I have changed my urinary extension tubing. I also informed Decker that him and his colleagues are blatantly deliberately indifferent to my (Browers) medical needs. Decker than confessed that he is not familiar with my urinary extension tubing, and that Corizon healthcare administrator Elmeada Frias is not approving the supplies, and that he (Decker) informed her (Frias) that I (Brower) had already contracted a U.T.I., Decker then advised me to submit a grievance.

21. On or about the beginning of May, 2015 I was dispatched to the medical triage due to kidney and bladder pain. There I consulted with Jean Pantal who diagnosed me (Brower)

with a severe U.T.I.. Pantal prescribed me (Brower) Cipro an antibiotic. I then explained to Pantal that the cause of the infection is the fact that I have been using the same urinary extension tubing between 4 to 5 months now, and if the urinary extension tubing is not changed the antibiotic is not going to cure the U.T.I. Pantal response was that I am not there for supplies, Pantal then opened the door informed correctional officer Suddler that I was finished. This blatant deliberate indifference contributed and caused irreversible injury I (Brower) obtained.

22. On or about May 24, 2015 I was dispatched to the medical triage due to severe pain in my testicles, which were very swollen and discolored. There was also severe pain in my kidneys and a huge amount of pressure on my bladder, but I (Brower) was also experiencing a ver high fever ( tempature of 102'3).

23. I (Brower) was examined by D. Megettigan, who in turned in formed "Pantal" of my dangerously severe condition.

24. I (Brower) informed Pantal that the antibiotic did not work due to the contaminated urinary extension tubing that I have been forced to use for the last 4 to 5 months.

25. Pantal never examined me, but stated "just give him a Tylenol and send him back to his cell." A blatant and deliberate indeferent to my severe medical condition.

26. Pantal then exited medical through a back door. Nurse Megettigan noticed my condition, that I was in severe pain, and shivering. I remained in the medical triage for two hours.

27. Two hours later Dr. Robin Clemons arrived, and both Clemons and Megettigan examined how large my testicles had swollen, Dr. Clemons immediately notified an ambulance to transport me to Aria Torresdale hospital.

28. Upon arrival at the hospital I was ordered an ultrasound of my testicles. I was examined by infectious desease specialist and several surgeons who discussed the removal of my infected testicles.

29. From May 24, 2015 through May 29,2015 doctors examined numerous blood cultures, and ultilyzed numerous antibiotics to combat my severe infection.

30. On or about May 29, 2015 doctors informed me that I have unfortunately obtained irreversible damage to my testicles, and it is highly possible that I (Brower) will not be able to reproduce any more, and that I will experience pain periodically for the remainder of my life.

## VI.    LEGAL CLAIMS

31. Plaintiff reallege and incorporate by reference paragraphs 1-30

32. Defendant Deanna Petway deficiency in training to deal with paraplegic patients, coupled with Petways inexperience with up to date catheter supplies and or apparatus caused and contributed to plaintiffs irreversible injury. Defendant's action and inaction violated plaintiff's rights under the Eighth and Fourteenth Amendment to the United States Constitution.

33. Defendants Bruce Blatt deliberately ignored plaintiff's serious medical needs. Blatt knew of plaintiffs urinary tract infection, knew of plaintiffs need to change urinary extension tubing, and also knew of the dangers of an untreated urinary tract infection, but blatantly indifferently ignored plaintiffs serious medical needs. Defendant caused and contributed to plaintiff's irreversible injury. Defendant Blatt violated plaintiff's rights under the Eighth and Fourteenth Amendment to the United States Constitution.

34. Defendant Decker deficiency in training and lack of experience to deal with paraplegic patients coupled with defendant Deckers lack of knowledge of up to date catheter supplies and apparatus caused and contributed to plaintiff's irreversible injury. Defendant's deliberate indifference violates plaintiff's right under the Eighth and Fourteenth Amendment to the United States Constitution.

35. Defendant Elmeada Frias has failed to properly train the subordinates under defendant Frias charge (nurses, physician assistant, and registered nurses). Defendant Frias failed to timely order the necessary catheter supplies for plaintiff for several months causing plaintiff to contract a urinary tract infection. Defendant Frias refused to order catheter supplies, choosing to deliberately ignore plaintiff's serious medical needs, causing and contributing to plaintiff's irreversible injury. Defendant's deliberate indifference violates plaintiff's rights Under the Eighth and Fourteenth Amendment to the United States Constitution.

36. Defendant Jean Pantal erroneously prescribed plaintiff an antibiotic with the absolute knowledge that without the changing plaintiffs catheter extension tubing, not only would the medication not work but that the infection would build up a tolerance to the antibiotics, causing a more aggressive infection that would grow in plaintiffs blood stream until the infection destroyed the infected area, and in this case plaintiff testicles. On a second occasion defendant Pantal was informed by nurse Megettigan that plaintiff was in severe pain due to U.T.I. and possessed a fever of 102'3 degrees, and infection that defendant had absolute prior knowledge of but defendant consciously disregard the danger to plaintiffs Pantal advise Megettigan to give plaintiff a Tylenol, then exited out of the back of medical triage door. Defendant conscious disregard and blatant deliberate indifference caused and contributed to plaintiff's unnecessary wanton infliction of pain, which violates plaintiff's right under the Eighth and Fourteenth Amendment to the United States Constitution.

37. Defendants Rev. Dr. Damone B. Jones Sr., Dorothy Johnson Speight, Helen Fitzpatrick, Chad Lassiter, Marcia Makadon, Nino Tinari. The Board of Trustees, under Pennsylvania Law 61 pa. Con. Stat. 1731 (a) (3) 1732 (a) are the authorized policy makers. The board of trustees failed to

adequately train or supervise medical staff (Elmeada Frias, Bruce Blatt, Jean Pantal, Deanna Petway, and Sean Decker.) to properly address current medical treatment, and or emergency medical situations for paraplegic prisoners. The Board of Trustees follows a customs of adhering to a specific budget that creates bonuses for medical healthcare administrators when they do not exceed an allotted budget. (Information provided by Mary Brown, and Raheem Carl) By following this custom and or policy it has created a deprivation of proper adequate medical care for prisoners, while propagating a deliberate indifference amongst the medical administration and healthcare providers, which in turn caused plaintiffs unnecessary wanton infliction of pain, which violates plaintiff's rights under the Eighth and Fourteenth Amendment to the United States Constitution.

38. Defendant City of Philadelphia. Due to the Strenuous test of proof the P.L.R.A. has created for prison litigants, City officials, prison officials, along with Corizon officials and their medical agents, they have become accustomed to the Courts dismissing civil actions submitted by prisoners, and because of this, the medical treatment of prisoners has begun to decline to the point of callousness towards prisoners, especially in medical emergencies.

The City of Philadelphia has a contract with a private healthcare corporation (Corizon) that provides medical care to prisoners within the Philadelphia Prison System (P.P.S.) Corizon employs the practitioners who administer health care services; these corporations sometimes refer prisoners to outside specialist pursuant to their contracts with the city.

This structure leads to unnecessary delays and lack of continuity in treatment, and all the officials involved are aware of these lapse. Corizon, P.P.S., and the medical venders understand and agree that serious illness is expensive to treat, and in most cases serious illness disrupts P.P.S. budget projections.

Despite numerous lawsuits, P.P.S., Corizon, the city of Philadelphia, and the prison Board of Trustees, neither entity has taken steps to modify its practices, and it has become a custom to put the budget first before adequate healthcare for prisoners, and that creates unnecessary wanton infliction of pain in this instant civil action. Wich violates Plaintiffs rights under the Eigth and fourteenth Amendment to the united states Constitution.

furthermore the Prison authorities blantantly disregaurded my plea for help Pertaining to my serious medical needs. The authorities have become a custom to not responding to grievance Policies, had they responded, and informed medical staff of my serious medical needs I would have never contracted a urinary troct infection and that creates unnecesarg wanton infliction of pain. wich violates plaintiffs rights under the Eigth and fourteenth amendment to the united states Constitution.

## VII. EXHUASTION OF LEGAL REMEDIES

39.PLAINTIFF BROWER USED THE PRISON GREIVANCE PROCEDURE AVAILABLE AT THE PRISON FACILITY TO TRY AND ALLEVIATE THE RECKLESS AND DELIBERATE INDIFFERENCE TO PLAINTIFFS MEDICAL NEEDS.
ON JANUARY 27, 2015 PLANTIFF SUBMITTED GREIVENCES AND RECEIVED NO RESPONSE.
ON FEBUARY 27 PLAINTIFF SUBMITTED ANOTHER GREIEVANCE AND THERE WAS NO RESPONSE.
ON MARCH 17 PLAINTIFF SUBMITTED ANOTHER GREIVANCE STILL AGAIN PLANTIFF RECEIVED NO RESPONSE.ON APRIL 17, 2015 AND JUNE 9,2015 AND FINALLY ON AUGUST13,2015 PLAINTIFF SUBMITTED GREIVANCES AND NEVER RECEIVED A RESPONSE TO ANY OF THE ABOVE MENTIONED GREIVANCES.
BROWERS GREIVANCES ARE ATTACHED AS EXHIBIT A.

## VII. PRAYER FOR RELIEF .

WHEREFORE PLAINTIFF RESPECTFULLY PRAY THAT THIS COURT ENTER JUDGEMENT:
GRANTING PHILLIP BROWER A DECLARATION THAT THE ACTS AND OMMISSIONS DESCRIBED HERIN VIOLATE HIS RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND A PRELIMINARY AND PERMANATE INJUCTION ORDERING DEFENDANTS CITY OF PHILADELPHIA CORIZON HEALTH SERVICES : DR DAMON E B JONES SR, DORTHY JOHNSON SPEIGHT , HELEN FITZPATRICK, CHAD LASSITER, MARCIA MAKADON, NINO TINARI JEAN PANTAL ELEMEADA FRIAS , BRUCE BLATT,SEAN DECKER, DEANNA PETWAY. TO INSTALL SECURED SHOWER BENCHES INSIDE THE HANDICAP ACCESSIBLE SHOWERS AND TO HAVE ACCESS TO CONTROL SHOWER OFF AND ON SWITCH. AND GRANTING PHILLIP BOWER COMPENSATORY DAMAGES IN THE AMOUNT OF 50,OOO AGAINST EACH DEFENDANT JOINTLY AND SEPARATLY
PLANTIFF SEEKS PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN THE AMOUNT OF 250,000
PLAINTIFF PHILLIP BOWER SEEKS THESE DAMAGES JOINTLY SEVERALLY.
PLANTIFF ALSO SEEKS A JURY TRIAL ON ISSSUES TRIALABLE BY JURY.
PLANTIFF ALSO SEEKS RECOVERY OF HIS COST IN THE SUIT AND ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST PROPER AND EQUITABLE.

                          :RESPECTFULLY SUBMITTED
                              PHILLIP BOWER
                            PP#682126
                          CFCF 7901 STATE ROAD
                          PHILA PA 19136

# Philadelphia Prison System

## Inmate Grievance Form

Check box only if grievance is regarding Medical Services ☑

Name _Phillip Brower_  Housing Unit _C1P1_

Intake Number_____ Police Photo Number _682126_

| Description of Grievance, Incident or Problem (include date and time of incident) |
|---|
| I have been continuing but have Alternative supply that I use wich is a legbag connector tubing. That has to be ordered since I was at quarantine. They change my clothes but make me use the same leg bag tubing, wich can cause infection. I am being neglected this medical supply and at medical they say put in a grievance to the administration and at C1P1 the order the supplys for me _____ nurses and they say put in a grievance so now I am that grievance is to the person in charge of ordering medical supplies. Please ord. Leg bag connector tubing. |

| Action Requested by Inmate: |
|---|
| Please order my medical supplies to prevent u.T.I infection Legbag connector tubing |

See: Continuation of Grievance - Page 2   Yes ☐   No ☑

| Describe how and when you tried to resolve this Grievance informally. |
|---|
| |
| |

Date that you are depositing this Grievance in a grievance box:

(Signature of Grievant) _Phillip Brower_   (Date) _1-27-15_

Distribution: 1. Deputy Warden for Administration   2. Warden   3. Inmate's Receipt of Filing

# Philadelphia Prison System

## Inmate Grievance Form

Check box only if grievance is regarding Medical Services ☑

Name _PHIL B____ver K_____ Housing Unit _C1 P1 Cell 7_

Intake Number_____ Police Photo Number _682126_

| ON 2-27-15 | Description of Grievance, Incident or Problem At chronic care.<br>(include date and time of incident) |
|---|---|

I am being denied the proper medical supplies needed
for me properly to have a bowel movement. I am supposed
to get red bio-hazardous bags depends and gloves. The gloves
are used to disimpact or stimulate my rectum to have
a bowel movement. also whenever an accident
occurs I can have gloves available so i.m not touching
my own shit then touching other stuff in my cell
that I share with my cellie. All I am asking for
are the gloves that I was getting for whatever
reason I am no longer getting them. I am paralyzed
The main issue for 2/1/5. Please tell what
I need to do to continue to get these gloves that
I need i.m _____ ___ _____ ___

_____ _____ ___ ____ ___ ____ __ ___ _____

_____ ____ ___ ___ Sin_____ ___ ____

____ ___ __ __ _____ ____ ___ ___ ___ ___ matter

| Action Requested by Inmate: |
|---|
| |
| |

See: Continuation of Grievance - Page 2    Yes ☐    No ☑

| Describe how and when you tried to resolve this Grievance informally. |
|---|
| |
| |

Date that you are depositing this Grievance in a grievance box:

(Signature of Grievant) _Phil B_____    (Date) _2-22-15_

# Philadelphia Prison System

## Inmate Grievance Form



Check box only if grievance is regarding Medical Services ☑

Name _Phillip Brower_   Housing Unit _C I Pl_

Intake Number_____   Police Photo Number _682126_

| Description of Grievance, Incident or Problem |
| --- |
| (include date and time of incident) |

I am grieving how I have been putting grievances in and not getting no response to them about how medical is not providing me with the proper medical supplies such as leg bag tubing and chux under pads gloves and lubricant for my bowel program. This a very serious problem and need to speak with some one at medical about this matter. All the nurse and my block officer tell me to put in a grievance in and my grievance never get answered the grievance box is full over flowing and has not been emptied for a month. C I Pl.

**Action Requested by Inmate:**

to speak to medical about why I am not getting supplies needed because of my paralysis.

See: Continuation of Grievance - Page 2   Yes ☐   No ☐

**Describe how and when you tried to resolve this Grievance informally.**

Date that you are depositing this Grievance in a grievance box: _3-17-15_

_Phillip Brown_

(Signature of Grievant) _Phillip Brower_   (Date) _3-17-15_

_3-17-15_

Distribution: 1. Deputy Warden for Administration  2. Warden  3. Inmate's Receipt of Filing

# Philadelphia Prison System

## Inmate Grievance Form

Check box only if grievance is regarding Medical Services ☑

Name **Phil Brower**   Housing Unit **C1P1**

Intake Number **682126**   Police Photo Number **682126**

### Description of Grievance, Incident or Problem
(include date and time of incident)

On 4-17-15 At medical   Leg bag "EXTENTION Tubing"

I Am not being provided with the proper medical supplies. I have had the same Leg bag urinary EXTENTION tubing for 4½ months and keep getting U.T.I.'S because of it. I Am paralyzed and need these supplies Regularly changed or i can get Kidney Infection or bladder infection. I have been complaning asking medical staff to order the supplies only to be told they wont order the "Leg bag" "Extention tubing" I have been trying every month to have them order the medical suppees and nothing has happend as of today. Please Respond to the matter in writing Thank you in advance.

(LEG BAG EXTENTION Tubing)

### Action Requested by Inmate:

To have medical order my Legbag "EXTENTION Tubing" To prevent infection

See: Continuation of Grievance - Page 2   Yes ☐   No ☑

### Describe how and when you tried to resolve this Grievance informally.

① EVERY month I SPEAK To NURSO PETWAY At medical and ASK if The supplies came in and Nothing

Date that you are depositing this Grievance in a grievance box: **4/17/15**

(Signature of Grievant) *Phillip Brower*   (Date) **4/17/15**

Distribution: 1. Deputy Warden for Administration  2. Warden  3. Inmate's Receipt of Filing

# Philadelphia Prison System

## Inmate Grievance Form

Check box only if grievance is regarding Medical Services ☒

Name Phillip B_____    Housing Unit C1 P1

Intake Number 682126    Police Photo Number 682126

### Description of Grievance, Incident or Problem
### (include date and time of incident)

On May ___ 2016 I was sent to medical for wound care because the wound on my buttocks and I cant stand IM a paraplegic. Now My block officer sent me to medical at 2:30 pm and nurse myself was at lunch who was waiting for me to come earlier around 11 am but the c/o had some type of issue. However at medical Nurse "ANG" Blatantly disregarded my serious medical need to c/o to send me back I then returned to medical A same time to have my wound cleaned and changed because It been 3 days and smells bad Now 3-11 Nurse "Barry" Also Blatantly disregarded My serious Need To have my wound cleaned and changed wich is deliberate indifference to my serious medical needs because they both knew of and refused to change my wound. Nobody Nobody At medical did there Job.

### Action Requested by Inmate:

Nurses Need to do there Job and stop being lazy I know IM A Prisoner but IM human and want to be treated like one IM Attaching this to My Amended complaint.

See: Continuation of Grievance - Page 2    Yes ☐    No ☐

### Describe how and when you tried to resolve this Grievance informally.

C.C: Sending a copy to the commission by U.S. mail.

Date that you are depositing this Grievance in a grievance box: 5-21-16

Phillip B_____    5-21-16

(Signature of Grievant)    (Date)

C.C.

Distribution: 1. Deputy Warden for Administration  2. Warden  3. Inmate's Receipt of Filing

# Philadelphia Prison System
## Inmate Grievance Form

CFCF ☑
DC ☐
HOC ☐
PICC ☐

Check box only if grievance is regarding Medical Services ☑

Name PHIL BROWER    Housing Unit C I P I

Intake Number _____    Police Photo Number 682126

| Description of Grievance, Incident or Problem (include date and time of incident) |
|---|
| ON 4/17/15, A Grievance was filed only to NEVER GET A Response from MEDICAL OR The Prison. Concerning ME being denied PROPER MEDICAL Supplies wich keep causing ME To GETTing urinary, TRACT INFECTIONS. The last infection caused ME to be placed IN the hospital because My TESTACLES swole up very large AND doctors were discussing the REMOVAL of MY Right testacle by Surgery. this took place 5/24/15 NoW because Nothing Has been done About the Above MATTER I feel AS though there is some (NEGLECT) AND DELIBERATE INDIFFERENCE and leaves ME No choice TO SUE CORIZION MEDICAL services AND P.P.S. for All the Pain and suffering MENTAL stress IN A civil Lawsuit for MONETARY damages I haVE SENT A copy of this grievance And copies of the unANSWERed ONES Along with sick call slips to LAWYER |

| Action Requested by Inmate: |
|---|
| MONETARY COMPENSATION |

See: Continuation of Grievance - Page 2    Yes ☐    No ☐

| Describe how and when you tried to resolve this Grievance informally. |
|---|
| |

Date that you are depositing this Grievance in a grievance box:

(Signature of Grievant) Phil Brower    (Date) 6/9/15

# Philadelphia Prison System

## Inmate Grievance Form

ASD ☐
CFCF ☑
DC ☐
HOC ☐
PICC ☐

Check box only if grievance is regarding Medical Services ☐

Name *Phil Brawer*     Housing Unit *C1 P1*

Intake Number _____     Police Photo Number *682166*

| Description of Grievance, Incident or Problem (include date and time of incident) |
|---|
| <sup>2015</sup> while At lawlibary I was trying to make copies of my Grievances when the copy machine broke. upon request to go to D side lawlibary I was told by officer to leave paperwork with lib. ry worker willie Brown who gave all my original grievance pink copies to Rove c/o thompson who told me that he left my grievance copies in a envelope on the desk for my Block officer to give to me they should be in the desk only, never to be found And these are my medical Recipts + ken complaints the originals and now there gone and no one has seen them. |

| Action Requested by Inmate: |
|---|
| To get my original copies of my grievance Pink slips . |

See: Continuation of Grievance - Page 2    Yes ☐    No ☐

| Describe how and when you tried to resolve this Grievance informally. |
|---|
|  |

Date that you are depositing this Grievance in a grievance box: _____ _115_

(Signature of Grievant) _____     (Date) _11 - 13/h_

Phillip Brower PP#682128
7901 State rd.
Phila, PA 19136

601 marked street
united states District court

office of The clerk

Philadelphia, PA. 19106

U.S.M.S.
X-RAY

1910639999